# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

IN RE:   JEFFREY ALLAN LOCKWOOD, DEBTOR              4:09-bk-13545 E
                                                     CHAPTER 13


GREG MOORE                                           PLAINTIFF

v.              AP NO.: 4:09-ap-01247

JEFFREY ALLAN LOCKWOOD and
OSCIE LOCKWOOD                                       DEFENDANTS


## MEMORANDUM OPINION

On March 19, 2010, the Court heard oral argument on the *Amended Motion to Extend Time*, *Motion to Extend Time,* and the *Motion to Alter or Amend Judgment, Motion for Relief from Judgment, and Request for Emergency Hearing* filed by Defendants Jeffery Allan Lockwood ("**Debtor**") and Oscie Lockwood.[1]  Lyndsey D. Dilks appeared on behalf of the Defendants, and Randy Grice appeared on behalf of the Plaintiff, Greg Moore, who was also present.  The Court denied the motions in open Court and entered an Order the same day ordering Defendants to transfer possession of the 1996 Kenworth tractor, VIN # 1XKADR9X3 TR720135 (the "**Tractor-Truck**") to the Plaintiff on March 19, 2010, in accordance with the *Summary Judgment* previously entered in this case on March 4, 2010. This Memorandum Opinion is entered to further explain the Court's oral ruling.

---

[1] Only Defendant Jeffrey Allan Lockwood is a debtor in bankruptcy and neither the facts nor the arguments in this case concern his wife; accordingly, from this point forward, reference will only be made to the Debtor.

## BACKGROUND

Plaintiff filed this adversary proceeding to recover the Tractor-Truck from Debtor who had previously repossessed the Tractor-Truck from Plaintiff. In June 2008, Debtor agreed to sell the Tractor-Truck to Plaintiff for $13,000. Plaintiff paid Debtor $6,000 as an initial down payment, and later paid Debtor an additional $1,500 toward the purchase price. On June 25, 2008, Plaintiff and Debtor executed a Motor Vehicle Bill of Sale and a Security Agreement (in which Debtor retained a security interest in the Tractor-Truck to secure payment of the purchase price), and Plaintiff took possession of the Tractor-Truck at that time. On July 11, 2008, the state of Arkansas issued a Certificate of Title indicating Plaintiff as the Tractor-Truck's owner and Debtor as first lienholder. Debtor took the Tractor-Truck from Plaintiff on or about August 30, 2008. Plaintiff filed suit against the Debtor in the Circuit Court of Pulaski County, Arkansas, Sixth Division (the "**State Court**") on September 17, 2008, for breach of contract and conversion. The State Court entered a final judgment in Plaintiff's favor on March 26, 2009, for $14,160.62, consisting of $11,470.62 for actual damages, $190 for court costs and fees, and $2,500 for attorneys fees. Plaintiff obtained a Writ of Execution on all of the Debtor's personal property on May 7, 2009.

Debtor filed bankruptcy under Chapter 13 on May 18, 2009. Plaintiff filed this adversary proceeding on October 2, 2009, seeking the return of the Tractor-Truck. Plaintiff also seeks to have the Debtor's name removed from the Tractor-Truck's certificate of title as first lienholder. The Court entered its *Order Granting Motion For Summary Judgment in Part and Denying Motion to Dismiss* entered on February 25, 2010 (the **"Order Granting**

**Summary Judgment"**), and the *Summary Judgment* on March 4, 2010. Both the Order and the Judgment direct Debtor to return the Tractor-Truck to Plaintiff but reserve the lien issue for trial.

Debtor seeks relief from those Orders under Federal Rules of Bankruptcy Procedure 9023 and 9024.[2] The Debtor contends that the Order Granting Summary Judgment and Summary Judgment (collectively the "**Summary Judgment Orders**") should be altered or amended to correct a manifest error of law and to prevent a manifest injustice. Specifically, the Debtor asserts that the Summary Judgment Orders incorrectly apply bankruptcy law and Arkansas law regarding conversions in a manner that deprives him of property of his bankruptcy estate. Debtor further contends that the Summary Judgment Orders violate the Rooker-Feldman doctrine by making void a State Court order. For the reasons stated herein, the Court finds that Debtor has failed to state sufficient grounds warranting relief under either Rule 9024 or Rule 9023.

## LEGAL STANDARD

Rule 9024, which incorporates Federal Rule of Civil Procedure 60, permits the Court to correct clerical mistakes and provides for relief from judgments or orders for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon

---

[2] All references to rules in this order refer to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

3

which it is based has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment. Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e), allows the Court to amend its findings of fact, make new findings, and/or amend its judgment. The Eighth Circuit Court of Appeals has described the role of F.R.C.P. 59(e) motions as follows:

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" Such motions cannot be used to introduce new evidence, ***tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment***.

(Emphasis added).

## ANALYSIS

The gist of the Debtor's argument is that he should be allowed the opportunity to retain possession of the Tractor-Truck and satisfy the Plaintiff's judgment thereby vesting title to the Tractor-Truck in himself. Debtor argues that the right to repay the judgment is property of his estate, and that under 11 U.S.C. §§ 542 and 1322, he should be allowed to retain possession of the Tractor-Truck while he pays off the judgment. This argument is entirely new to this case and directly in conflict with everything the Debtor previously filed and argued in this case; specifically, the following:

(1) Debtor previously filed a motion to avoid the Plaintiff's judgment lien resulting from the State Court judgment in the Debtor's case-in-chief. *See* docket # 55 in Debtor's case-in-chief, 4:09-bk-13545. If Debtor prevails on this motion, Plaintiff is treated as an

4

unsecured creditor with no right to payment other than what he might receive in a pro rata dividend from funds remaining after payment of higher priority claims. *See* docket #5 in Debtor's case in chief, 4:09-bk-13545.

(2) Debtor objected to the Plaintiff's motion to extend the time for filing an action to except this debt from the Debtor's discharge which the Court sustained, thereby making the judgment debt dischargeable to the extent it is not paid through Debtor's Chapter 13 plan. *See* docket #51 and #71 in Debtor's case in chief, 4:09-bk-13545.

(3) Most importantly, the Debtor defended this adversary proceeding and the Plaintiff's Motion for Summary Judgment by arguing that the judgment would be *satisfied* by the Debtor's discharge, once again indicating that the Debtor did not intend to pay the judgment. *See* docket #16 and #17 in 4:09-ap-1247.

Based on the pleadings filed by Debtor in his case-in-chief and this adversary proceeding, it is clear that the Debtor has never intended or proposed to pay this judgment. Consequently, he cannot now argue that the Court is taking away his right to do so. Neither Rule 9023 nor Rule 9024 allow a party to receive relief from judgment based on an entirely new legal theory, and accordingly, the Court does not find cause to alter or amend the Summary Judgment Orders based on this theory.

Additionally, the argument that Debtor should be able to retain possession of the Tractor-Truck based on turnover rights under 11 U.S.C. § 542 is turning this area of bankruptcy law on its head. Debtor states in his supporting brief that, "[t]he situation at hand is similar to that of a vehicle that has been repossessed prior to the filing of a bankruptcy

case." The facts in this case present the exact opposite factual scenario from the facts needed for turnover. In a typical turnover scenario, the lienholder repossesses collateral to which the debtor holds title. The Court orders the creditor to turn over the collateral to the debtor who holds title. In this case, the Debtor as lienholder repossessed the Tractor-Truck from the Plaintiff who holds title. The Debtor has cited no law that gives him a legal or equitable right to possession of the Tractor-Truck until and unless the State Court judgment is paid. In sum, turnover under the Bankruptcy Code exists to return property of the debtor or the debtor's estate to the debtor. It does not allow the Debtor to retain possession of property he wrongfully took from someone else.[3] Finally, Debtor's argument under § 1322 fails for the same reason. Section 1322 allows a debtor to keep collateral while altering the creditor's claim secured by that collateral – it does not allow a debtor to alter another party's ownership interest in property as the Debtor seeks to do here.

Debtor also asserts that the Court has violated the Rooker-Feldman doctrine by ordering him to return the Tractor-Truck to Plaintiff. "Under [the Rooker-Feldman] doctrine, lower federal courts, including bankruptcy courts, do not have subject-matter jurisdiction over challenges to state court decisions in judicial proceedings, . . ." *In re Hoffinger Industries, Inc.* 329 F.3d 948, 950 (8th Cir. 2003) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *In re Ferren,* 203

---

[3] The Debtor did not defend the State Court lawsuit on the basis that it lawfully repossessed the vehicle, and is therefore barred from doing so now.

F.3d 559, 559-560 (8th Cir.2000)).

The Debtor argues that the Court voided the State Court judgment by taking away his opportunity to repay the State Court judgment and have title vest in his name. The fact is Debtor filed bankruptcy and filed pleadings specifically evidencing his intent not to pay the Plaintiff, but to remain in possession of the Tractor-Truck. The Court in no way reviewed or changed the State Court judgment; it merely interpreted its effect on the ownership of the Tractor-Truck under Arkansas law. Debtor concedes the Court correctly interpreted state law in that title does not vest in the Debtor until and unless he satisfies the judgment. The State Court judgment still stands, and as the Debtor points out, says nothing about who is entitled to possession of the Tractor-Truck. The Court has simply found that the Plaintiff holds title to the Tractor-Truck, and therefore, possession should be returned to him as the titleholder. To hold otherwise would allow the Debtor to use his Bankruptcy case as a means of keeping property that does not belong to him while refusing to pay for it.

Debtor also argues that the Court violated the Rooker-Feldman doctrine by ordering return of the Tractor-Truck even though the State Court action was for conversion, and not replevin. This is an argument previously made by Debtor in response to the Plaintiff's Motion for Summary Judgment and rejected by the Court. This Court is aware of no law that makes replevin and conversion mutually exclusive. Rather, the Court has found case law where a party sued for both remedies. For example, in an action for both replevin and conversion, the Arkansas Supreme Court stated, "[m]oreover, the fact that the items were eventually returned to the owners does not necessarily bar recovery of damages for their

conversion, but may mitigate the damages." *McQuillan v. Mercedes-Benz Credit Corp.,* 331 Ark. 242, 250, 961 S.W.2d 729, 733 (1998) (citing *Ford Motor Credit Co.,* 267 Ark. 201, 589 S.W.2d 584). And as one treatise notes,

> Replevin, trespass, and trover, also known as conversion, are ***concurrent remedies*** for a wrongful taking of goods. [*citing Cross v. Berg Lumber Co.*, 7 P.3d 922 (Wyoming 2000)] . . . Until judgment for the conversion is obtained ***and satisfied***, the injured party ***may pursue any other remedy available, based upon continued ownership and right to possession***. [*Citing Schiavo v. Cozzolino*, 134 Conn. 388, 57 A.2d 723, 3 A.L.R.2d 214 (1948)].

AMJUR CONVERSION § 65 (emphasis added). Accordingly, the recovery under one cause of action does not preclude recovery under the other (unless, as already explained, the judgment for conversion is satisfied), and the State Court's entry of a judgment for conversion does not mean that this Court cannot find that the titleholder has the right to possession until the judgment is satisfied.

## CONCLUSION

The Debtor has not shown that the Court made an error of law or that the Court's Summary Judgment Orders result in manifest injustice. Rather, the Debtor relies on an entirely new theory to oppose the Plaintiff's Summary Judgment in asserting that Debtor should be allowed to retain possession of the Tractor-Truck while paying off the Plaintiff's State Court judgment. Until now, the Debtor has shown no intention or willingness to pay such judgment.[4] Title remains with the Plaintiff, and Debtor has shown no entitlement to

---

[4] The doctrine of judicial estoppel also prevents the Debtor from taking the position that he now intends to pay the State Court judgment, especially where Debtor previously and successfully opposed the Plaintiff's motion for more time to file an exception to the Debtor's

possession of the Tractor-Truck. Further, as explained herein, the Court's Summary Judgment Orders do not violate the Rooker-Feldman doctrine.

Finally, the Court notes that the Debtor's Motion to Alter or Amend may not appear to have been filed in good faith, particularly due to its timing. The Court entered its Order Granting Motion For Summary Judgment on February 25, 2010, in which the Court stated: "[t]his Court finds that Plaintiff continues to hold title to the Tractor-Truck as a matter of law, and therefore, orders Debtor to return the Tractor-Truck to its rightful owner, the Plaintiff." The Court directed the Plaintiff to prepare a proposed judgment for the Court's review within 14 days. The proposed judgment (the *Summary Judgment*) was entered on March 4, 2010, and specifically directed the Debtor to return the Tractor-Truck to Plaintiff within 15 days of the entry of the Summary Judgment. The Debtor's Motion to Alter or Amend was filed a day before Debtor was required to return the Tractor-Truck, on the 14th day after the Summary Judgment was entered, and approximately 21 days after the Court entered its Order Granting Summary Judgment. Additionally, the Debtor's motion states that the Court has not made clear who should have possession of the Tractor-Truck (Motion to Alter or Amend, ¶ 7), yet in both the Order Granting Summary Judgment and the Summary Judgment, the Court specifically directed Debtor to return the Tractor-Truck to the Plaintiff.

For the reasons stated herein, it is hereby

**ORDERED** that the *Amended Motion to Extend Time*, *Motion to Extend Time*, and

---

discharge, thereby ensuring that the debt would in fact be discharged if not paid via a pro-rata dividend at the end of Debtor's plan. *See generally* 31 C.J.S. Estoppel and Waiver § 186.

the *Motion to Alter or Amend Judgment, Motion for Relief from Judgment, and Request for Emergency Hearing* filed by Defendants Jeffery Allan Lockwood and Oscie Lockwood are **DENIED**.

**IT IS SO ORDERED.**

Audrey R. Evans
United States Bankruptcy Judge
Dated: 03/30/2010

cc: attorney for Plaintiff
attorney for Defendants
Trustee
U.S. Trustee

EOD 3/30/2010
by R Johnson